# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANGELA WELLS, on her own behalf and as next friend for T.C., a minor child, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| CHICAGO BOARD OF EDUCATION, ACADEMY FOR URBAN SCHOOL LEADERSHIP, CITY OF CHICAGO, RAIMONDO CRAWFORD, and JOANN CHAN, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs, by and through their attorneys, THE HERBERT LAW FIRM, complains of Defendants, CHICAGO BOARD OF EDUCATION, ACADEMY FOR URBAN SCHOOL LEADERSHIP, CITY OF CHICAGO, RAIMONDO CRAWFORD and JOANN CHAN and states as follows:

### JURISDICTION AND VENUE

1. This case is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States and Illinois Constitutions, under Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681-1688, under the Illinois Civil Rights Act, 740 ILCS § 23/5, et seq. and under Illinois Law, to redress the sex discrimination and abuse against T.C., a minor child.

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b).

3. The parties reside in this judicial district, and the events giving rise to the claims all occurred within this district.

## FACTS

4. Plaintiff, T.C. was a student at Marquette Elementary School, which is part of Chicago Public Schools ("CPS") and managed, supervised and governed by Defendant, the Chicago Board of Education ("Board").

5. The Chicago Board of Education, founded in 1840, is responsible for the governance, organizational and financial oversight of Chicago Public Schools (CPS), the third largest school district in the United States of America. It establishes policies, standards, goals and initiatives to ensure accountability and provide a high quality, world-class education for the 21st century that prepares students for success in college, work and life.

6. Defendant, Academy for Urban School Leadership ("AUSL") is a not-for-profit Illinois Corporation and is in partnership with CPS to create schools of excellence by developing highly-effective teachers and transforming educational outcomes for students in the lowest performing schools in CPS.

7. AUSL currently manages thirty-one (31) CPS schools, including Marquette Elementary School; and, upon information and belief AUSL is governed by CPS policy and procedure.

8. Defendant, City of Chicago ("City") is a municipal corporation organized under the laws of the State of Illinois and maintained as a division of said municipal corporation the Chicago Board of Education.

9. Plaintiff, Angela Wells is the mother of the minor child, T.C.

10. Plaintiff, minor child, T.C. began as a new fifth-grade student at Marquette Elementary School in the fall of 2017.

11. In and around March 2018, a fellow classmate began fondling T.C.'s genitals under the desk during class, and even kissed him on one occasion.

12. The classmate's actions were unwelcomed by T.C. and were incredibly offensive.

13. T.C. immediately reported said fondling to Mr. Crawford, one of the teachers at Marquette Elementary School, who assured T.C. he would speak to the other student.

14. T.C. believed Mr. Crawford and trusted him.

15. At all relevant times, Mr. Crawford was an employee and agent of Defendants.

16. Despite T.C.'s outcry to Mr. Crawford, the classmate continued to fondle T.C.'s genitals nearly on a daily basis for over a month.

17. On another occasion, T.C. attempted to report the fondling to Ms. Chan, another teacher at Marquette Elementary School.

18. At all relevant times, Ms. Chan was an employee and agent of Defendants.

19. Ms. Chan dismissed T.C. and told him to sit back down.

20. Although T.C. had the courage to disclose the abuse, Ms. Chan and Mr. Crawford failed to alert child investigators, the police, the students' parents or even the school administrators.

21. On or about April 11, 2018, Plaintiff, Ms. Wells became aware of the sexual abuse T.C. endured at the hands of his classmate when, after a month without intervention by Marquette Elementary School or its employees, T.C. threatened his classmate to stop touching his genitals.

22. On or about April 18, 2018, Plaintiff, Ms. Wells attended a meeting at Marquette Elementary School; the offender's mother was present along with Mr. Green, Dean; Ms. Kozo, Counselor; and Mr. Crawford, teacher.

23. At the April 18, 2018 meeting, Marquette Elementary School could not guarantee that T.C. would not be in the same classroom as his abuser; thus, Ms. Wells was forced to transfer T.C. to another school mid-year to ensure his safety and protection from sexual abuse.

24. Despite Plaintiff, T.C.'s express notice to Defendants' agents or employees, namely Mr. Crawford and Ms. Chan, the Defendants took no action to stop the classmate from fondling T.C.'s genitals and sexually abusing him in the Defendants' classroom during the school day for over a month.

25. Defendants, through their agents and employees, namely Mr. Crawford and Ms. Chan, failed to bring the Plaintiff, T.C.'s complaints of sexual abuse to the attention of the appropriate authorities, including the Chicago Police Department or the Department of Child and Family Services ("DCFS") as required by law; and, these educators instead completely disregarded the Plaintiff's complaints.

26. Moreover, at no time did the Defendants or any agents thereof, ever notify Plaintiff, Angela Wells of her son's accusations against his classmate. By their inaction, Defendants permitted the classmate to continue to victimize the Plaintiff, T.C. over a period of a month.

27. The Defendants or any agents thereof did not remove the classmate from the classroom, or take any other preventative steps, until Plaintiff, T.C. made threats against the classmate. As a result of this deliberately indifferent inaction, T.C. was subjected to ongoing abuse, harassment and discrimination.

28. Plaintiff, T.C. has been physically and emotionally traumatized and permanently affected by the sexual abuse to which T.C.'s classmate and Defendants' agents subjected him. T.C. respected Mr. Crawford and Ms. Chan as teachers and authority figures. By failing to take any action to protect T.C., the Defendants' agents abused their trust in a most serious manner, causing substantial emotional distress.

29. Plaintiff, Angela Wells has been deeply injured as well. She has to live with the knowledge that her young son was subjected to sexual abuse as a direct result of the Defendants' agents' refusal to take steps to prevent it.

30. Plaintiff, Angela Wells has sustained significant economic injuries due to the expenses of medical and psychological care arising from the conduct and inaction of the Defendants.

31. As a direct and proximate result of Defendants' lack of policies or procedures in place to prevent incidents such as the present issue, or their complete disregard for policies and procedures already in place, T.C. suffered serious and permanent physical, mental, and emotional injury.

## COUNT I
## 20 U.S.C. § 1681(a) – TITLE IX

32. Plaintiff realleges and incorporates paragraph 1 through 31 above as if stated herein.

33. The sexual abuse and harassment articulated in the facts above was so severe, pervasive, and objectively offensive that it deprived Plaintiff, T.C. of access to educational opportunities or benefits provided by the school.

34. The Defendants, the Board of Education and the Academy for Urban School Leadership created and/or subjected Plaintiff, T.C. to a hostile educational environment in

5

violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because:

    a) Plaintiff was a member of a protected class;

    b) He was subjected to sexual abuse and harassment in the form of sexual assault by another student;

    c) He was subjected to harassment based on his race; and

    d) He was subjected to a hostile educational environment created by the Board of Education's lack of policies and procedures and failure to properly investigate and/or address the ongoing sexual assault and harassment.

35. Defendants and their agents had actual knowledge of the sexual assault and harassment of T.C.; yet, they failed to investigate and discipline T.C.'s attacker consistent with their own policies and federal and state law.

36. The Defendants' failure to promptly and appropriately respond to the alleged sexual abuse and harassment resulted in Plaintiff T.C.'s exclusion from participation in, denied benefits of, and subjected to discrimination by the Defendants' education program in violation of Title IX.

37. Defendants failed to take immediate, effective remedial steps to resolve the complaints of sexual abuse and harassment, and instead acted with deliberate indifference toward Plaintiff.

38. Defendants persisted in their actions and inaction even after they had actual knowledge of the harm suffered by Plaintiff.

39. Defendants engaged in a pattern and practice of behavior designed to discourage and dissuade students from reporting sexual abuse and harassment by dismissing and failing to investigate Plaintiff's numerous complaints to Defendants' agents.

40. Plaintiff has suffered emotional distress and severe mental anguish as a direct and proximate result of the Defendants deliberate indifference to his rights under Title IX.

## COUNT II
## 42 U.S.C. § 1983 – EQUAL PROTECTION

41. Plaintiff realleges and incorporates paragraph 1 through 40 above as if stated herein.

42. As described above, a classmate sexually harassed, abused and otherwise discriminated against T.C. and Defendants failed to take actions to protect T.C.

43. Plaintiff, T.C. has been victimized and treated differently than other similarly situated students and the treatment was intentional and had no rational basis; Defendants failed to take actions to protect T.C.

44. The differential treatment Plaintiff T.C. received and described in the preceding paragraphs was intentional and arbitrary, motivated by nefarious and discriminatory purpose, and was not rationally-related to any governmental interest.

45. The misconduct described in this Count was undertaken by the policymakers who possessed the final authority to establish policy with respect to procedures for its agents and employees to follow when faced with the circumstances as described in the preceding paragraphs.

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of T.C.

47. As a result of the above-described wrongful conduct, Plaintiff has suffered damages, including but not limited to, emotional and mental stress and anguish.

## COUNT III – *MONELL* CLAIM
## 42 U.S.C. § 1983

48. Plaintiff realleges and incorporates paragraphs 1 through 47 above as if stated herein.

49. Defendants' agents, Mr. Crawford and Ms. Chan were "state actors" working for CPS and AUSL, a federally funded school system.

50. Defendants, through their agents, acted under "color of law" when refusing to respond to Plaintiff's sexual assault and harassment complaints on school premises.

51. Defendants, through their agents, failed to preserve Plaintiff's constitutional right to equal protection as guaranteed by the Fourteenth Amendment.

52. Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an educational environment free from sexual abuse, harassment and discrimination.

53. Defendants' agents should have known that their response to sexual assault allegations must comply with federal law, particularly as outlined in Title IX's published and widely promulgated regulations.

54. Defendants' agents each violated Plaintiff's right to equal access by:

   a) Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sexual violence;

   b) Failing to take prompt and effective steps to end the sexual violence, prevent its recurrence, and address its effects, whether or not the sexual violence is the subject of a criminal investigation;

8

    c) Failing to take steps to protect the Plaintiff as necessary, including interim steps taken prior to the final outcome of the investigation;

    d) Failing to provide a grievance procedure for students to file complaints of sexual abuse and harassment, including complaints of sexual violence. The procedures must include an equal opportunity for both parties to present witnesses and other evidence and the same appeal rights;

    e) Failing to use a preponderance of the evidence standard to resolve complaints of sexual abuse and harassment in grievance procedures; and

    f) Failing to notify both parties of the outcome of the complaint.

55. Defendants violated Plaintiff's Fourteenth Amendment right to equal protection by failing to properly train and supervise its employees as to these mandated investigative requirements.

56. Defendants' actions and inaction were the proximate cause of Plaintiff's emotional distress and psychological damage, and his character and standing in his community have suffered from the harassment fostered as a result of Defendants' deliberate indifference to his right to equal protection under the Fourteenth Amendment.

### COUNT IV – State Law Claim
### 740 ILCS § 23/5(c)(2) – Illinois Civil Rights Act

57. Plaintiff realleges and incorporates paragraphs 1 through 56 above as if stated herein.

58. The misconduct described above is a violation of T.C.'s rights as secured by the Illinois Constitution.

59. Specifically, by Defendants' agents' indifference to T.C.'s complaints of sexual abuse, Defendants violated his rights to equal protection of law.

9

60. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of T.C.

61. As a result of these deprivations T.C.'s rights, as secured by the Illinois Constitution, suffered damages.

## COUNT V – State Law Claim
### Willful and Wanton Retention/Failure to Supervise

62. Plaintiff realleges and incorporates paragraphs 1 through 61 above as if stated herein.

63. At all relevant times, Defendants had a duty to refrain from conduct that showed an utter indifference to, or conscious disregard for, the safety of others and, specifically, the students attending schools within CPS and AUSL control.

64. Defendants breached their duty through each of the following non-exhaustive list of acts or omissions:

   a) Failing to have in place policies and procedures providing for identification of and response to reports of sexual abuse;

   b) Failing to comply with any policies or procedures for identification of and response to reports of sexual abuse;

   c) Failing to investigate allegations of misconduct by students;

   d) Failing to intervene to prevent future sexual misconduct upon learning of prior inappropriate sexual abuse;

   e) Failing to take seriously complaints by T.C. of repeated sexual abuse by a fellow classmate;

   f) Failing to educate or train employees and agents regarding how to identify and respond to incidents of sexual misconduct; and

10

g) Continuing to allow an environment in which T.C. could be repeatedly subjected to sexual abuse.

65. As a direct and proximate result of Defendants' utter indifference or conscious disregard for student safety, as demonstrated by the complete lack of policies and procedures to prevent, identify and respond to incidents of sexual abuse by students, T.C. was subjected to repeated instances of sexual abuse on school property during school hours, resulting in serious and permanent physical, mental, emotional, and economic injuries.

## COUNT VI – State Law Claim
## Intentional Infliction of Emotional Distress
## Defendant Raimondo Crawford

66. Plaintiff realleges and incorporates paragraphs 1 through 65 above as if stated herein.

67. As described fully in the preceding paragraphs, the Defendant, Mr. Raimondo Crawford, engaged in extreme and outrageous conduct with respect to T.C.

68. This misconduct was undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

69. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of T.C.

70. As a proximate cause of this misconduct, T.C. suffered severe emotional distress and anguish.

## COUNT VII – State Law Claim
### Intentional Infliction of Emotional Distress
### Defendant Joann Chan

71. Plaintiff realleges and incorporates paragraphs 1 through 70 above as if stated herein.

72. As described fully in the preceding paragraphs, the Defendant, Ms. Joann Chan, engaged in extreme and outrageous conduct with respect to T.C.

73. This misconduct was undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

74. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of T.C.

75. As a proximate cause of this misconduct, T.C. suffered severe emotional distress and anguish.

## COUNT VIII – State Law Claim
### Breach of Fiduciary Duty

76. Plaintiff realleges and incorporates paragraphs 1 through 75 above as if stated herein.

77. At all relevant times, T.C. was a student at Marquette Elementary School, which is managed, supervised and governed by CPS and AUSL.

78. As a student, T.C. placed significant trust in his teachers and school to provide him with a safe learning environment free from threats of physical, mental, emotional and sexual abuse.

79. Defendants undertook to provide students, including T.C., a safe learning environment. Defendants affirmatively stated that it's a child's right to be safe at school. School

12

staff, meanwhile, were required to supervise all areas of the school and intervene to prevent danger or harm to students.

80. As a result of T.C.'s placement of trust and confidence in his school and his teachers to keep him safe during the school day, as well as the power and ability of school employees to prevent dangerous situations from arising, Defendants owed a fiduciary duty to T.C.

81. Defendants breached said duty by each of the following non-exhaustive acts or omissions:

a) Failing to properly supervise a class in which students with learning, behavior, mental and/or physical disabilities were taught;

b) Failing to have proper policies in place to limit student access to each other;

c) Failing to have proper reporting policies in place for students to report acts of sexual abuse and harassment;

d) Failing to intervene to prevent future sexually inappropriate conduct upon learning of the repeated incidents involving T.C.;

e) Failing to undertake a reasonable investigation regarding the repeated sexual abuse of T.C.; and

f) Failing to take seriously T.C.'s complaints that he was subjected to inappropriate sexual contact by a classmate on multiple occasions.

82. As a direct and proximate cause of each of the aforementioned breaches by Defendants, T.C. was subjected to repeated inappropriate sexual abuse during school hours on school property, resulting in serious and permanent physical, mental, emotional, and economic injuries.

## COUNT IX – State Law Claim
### Respondeat Superior

83. Plaintiff realleges and incorporates paragraphs 1 through 82 above as if stated herein.

84. In committing the acts alleged in the preceding paragraphs, Defendants' agents, namely Mr. Crawford and Ms. Chan acted at all relevant times within the scope of their employment.

85. Defendants are liable as the principal for all torts committed by its agents.

## COUNT X – State Law Claim
### Indemnification

86. Plaintiff realleges and incorporates paragraphs 1 through 85 above as if stated herein.

87. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

88. Defendants' agents, namely Mr. Crawford and Ms. Chan, were employees of the Defendants and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, awarding compensatory damages, punitive damages, attorneys' fees, and any other relief this Court deems just and appropriate under the circumstances.

### JURY DEMAND

Plaintiffs respectfully request a trial by jury.

Dated: September 10, 2018

14

Respectfully submitted,

/s/ Kelly A. Krauchun
Kelly A. Krauchun (ARDC No. 6322639)
The Herbert Law Firm
206 S. Jefferson, Suite 100
Chicago, IL 60661
(312) 655-7660
Kelly.krauchun@danherbertlaw.com

/s/ Daniel Q. Herbert
Daniel Q. Herbert (ARDC No. 6273940)
The Herbert Law Firm
206 S. Jefferson, Suite 100
Chicago, IL 60661
(312) 655-7660
Dan.herbert@danherbertlaw.com